```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**James L. Noble, et al.**

    **v.**                                          Case No. 10-cv-22-PB
                                                                  Opinion No. 2010 DNH 052
**Direct Capital Corporation**

**O R D E R**

Plaintiffs have brought a class action complaint against their former employer seeking damages for failing to pay required overtime.  Plaintiffs base their claim on N.H. Rev. Stat. Ann. § 275:43, which obligates an employer to pay "all wages due." N.H. Rev. Stat. Ann. § 275:43, I (1999).  New Hampshire Department of Labor Rule 803.04 specifies that "[f]or the purpose of determining 'all wages due' for hours worked in accordance with RSA 275:43, I, the department of labor . . . incorporates the 'Wage and Hour Publication 1312, Title 29 Part 785 of the Code of Federal Regulations, United States Department of Labor'." CNHR Lab 803.04.  This publication in turn establishes "the principles involved in determining what constitutes working time" under the Fair Labor Standards Act of 1938 ("FLSA").  29 C.F.R. § 785.1 (2009).  Section 7 of the FLSA, 29 U.S.C. § 207, requires

employers to pay overtime in certain circumstances.  See 29 U.S.C. § 207 (2006).  Putting all of this together, plaintiffs argue that N.H. Rev. Stat. Ann. § 275:43 obligates an employer to pay overtime when overtime is required by the FLSA.

This action was originally filed in state court.  The defendant removed the case and claimed that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiffs responded with a motion to remand arguing that the court lacks jurisdiction because the claim is based on state law.  The motion turns on whether plaintiffs' state law claim presents the type of embedded federal question that warrants the exercise of federal question jurisdiction.

While "[t]here is no mechanical test for determining when an action 'aris[es] under' federal law,'" R.I. Fishermen's Alliance v. R.I. Dep't of Envtl. Mgmt, 585 F.3d 42, 47 (alteration in original), the First Circuit has suggested a tripartite approach when federal question jurisdiction depends upon an embedded issue of federal law.  As the court has described the analytical framework,

> [w]e start with the most pressing concern:  whether the plaintiff's well-pleaded complaint necessarily raises a federal question.  If so, we then mull whether the federal question is actually disputed and substantial.

-2-

>And if the question survives scrutiny on these points, we last consider whether that question is one that a federal court may entertain without impermissibly tilting the balance of federal and state judicial responsibilities.

Id. at 49.

Here, there is no question that the complaint raises a federal question because the plaintiffs' right to relief under state law requires proof that the defendant violated the FLSA's overtime rules.  The problem arises at the second step of the analysis.  Although plaintiffs must prove the violation of a federal standard to establish their state law claim, there is nothing in the record to suggest that the parties are in disagreement concerning the meaning and application of the FLSA's overtime rules.  To the contrary, the case appears to turn on whether state law provides a right to recover for violations of federal overtime rules.  See, e.g., Trezvant v. Fidelity Employer Servs. Corp., 434 F. Supp. 2d 40, 56 (D. Mass. 2006) (construing state law and concluding that "an action for federally-mandated overtime cannot be had under the New Hampshire [w]age law").  Further, while factual disputes may arise during the course of the case concerning whether the defendant violated the FLSA's overtime rules, I cannot treat plaintiffs' state law claim as a

claim arising under federal law merely because disagreements concerning the facts of the case may have to be resolved by using the FLSA's embedded overtime rules.

Plaintiffs have made a tactical decision to eschew any federal claim and instead have based their cause of action on state law. The defendant has not demonstrated that the case presents any substantial and actually disputed question of federal law. Under these circumstances, there is no reason why the case should remain in federal court. The motion to remand (Doc. No. 5) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 24, 2010

cc: Heather M. Burns, Esq.
Lauren S. Irwin, Esq.
Debra Weiss Ford, Esq.